THE ATTORNEY GENERAL
OF TEXAS



JIM MATTOX
ATTORNEY GENERAL

August 30, 1990

Honorable Hugh Parmer
Chairman
Intergovernmental Relations
  Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.   JM-1213

Re:  Authority of a municipal-
ity to require health benefit
provisions to be included in
specifications for contract
security guards    (RQ-1991)

Dear Senator Parmer:

You ask whether the City of Houston can authorize specifications requiring that the city's independent contractors provide their employees with basic health insurance benefits. We understand that the question relates specifically to independent contractors providing security guard services under contracts with the city. We also understand that the city formerly employed its own security guards and has ceased the practice. The city attorney's office has rendered its opinion on the matter and concluded that such a requirement would contravene competitive bidding requirements. We agree.

Chapter 252 of the Local Government Code is the law that governs city purchases. With certain exceptions that do not appear to be relevant here, that chapter requires that cities with 50,000 or more inhabitants let contracts for amounts over $10,000 by means of competitive bidding. Local Gov't Code § 252.021(a). We are advised that the Houston city charter contains a complementary provision.

Competitive bidding laws are designed to ensure that the public receives "the best work and materials at the lowest practicable price." Sterrett v. Bell, 240 S.W.2d 516, 520 (Tex. Civ. App. - Dallas 1951, no writ); see also, Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc., 372 S.W.2d 525, 527 (Tex. 1963). This end is achieved by disallowance of specifications that are unrelated to the quality or quantity of the goods or services or that otherwise restrict competition. In Texas Highway Commission, supra, the court determined that a highway commission minute order requiring that construction material

used by the commission be domestically manufactured violated the competitive bidding statute. The court said "Matters of quality should be fixed by quality specifications and not by proscriptions as to localities of manufacture or fabrication." Id. at 529.

By the same token, we believe that matters of quality in the provision of security guard services should not be fixed by requiring that contractors provide their employees with health insurance benefits. Such a requirement may result in a work force that is less dependent on publicly supported health care, but it has no direct relation to the quality of security guard services.

This office has noted that the legislature may alter the general competitive bidding rules by adopting exceptions or authorization that would otherwise contravene the mandate that goods and services be purchased through unrestricted competition. Attorney General Opinion JM-712 (1987) (statutory exception for out-of-state bidders found in article 601g, V.T.C.S.); see also Local Gov't Code § 262.025(d) (authority for certain political subdivisions to require that 25% of work be performed by bidder); Attorney General Opinion JM-881 (1988) (requirement that 25% of work be performed by bidder's employees violates statute). We have found no similar exception for a requirement of health insurance benefits.

It has been suggested that the city is a public health agency, and in that capacity, it has the authority to enact such an exception to the competitive bidding statute. As this office noted in Attorney General Opinion JM-712 (1987), the state law may only be overcome by an exception defined by the state legislature.

### S U M M A R Y

The City of Houston may not require, either through an ordinance or through job specifications, that its contractors provide their security guards with basic health insurance benefits.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General